IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT R. SIMMERS AND )<br>IDA M. SIMMERS )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>CSX TRANSPORTATION o/w CSX )<br>TRANSPORTATION COMPANY, )<br>MICHAEL J. WARD, CSX CHAIRMAN )<br>AND CEO, AMTRAK AUTO TRAIN )<br>o/w NATIONAL RAILROAD )<br>PASSENGER CORPORATION )<br> )<br>Defendants. ) | Civil Action No. 04-168J |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

This matter comes before the Court on Defendants' Motion in Limine to Preclude Punitive Damages (Document No. 46) and their Brief in Support (Document No. 47) and Plaintiffs' Response (Document No. 56) and their Brief in Support (Document No. 57). For the reasons stated herein, the Defendants' Motion in Limine to Preclude Punitive Damages (Document No. 46) is granted.

Defendants argue that Plaintiffs have no admissible evidence that could establish entitlement to punitive damages and, therefore, should be precluded from mentioning or arguing entitlement to punitive damages at trial. Plaintiffs argue that they intend to call Michael Ward as if on cross-examination and that his testimony will establish the basis for punitive damages.

The punitive damages standard under Pennsylvania law is well settled. *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). "'Punitive damages may be awarded for conduct that is outrageous,

because of the defendant's evil motive or his reckless indifference to the rights of others.'" *Id.* (quoting *Feld v. Merriam*, 485 A.2d 742 (Pa. 1984)(citations omitted)); *see also Weigle v. Motors Ins. Co*, 19 Pa. D. & C.3d 449, 471, 1980 WL 451, at * 11 (Pa. Ct. Com. Pl. 1980) (stating the conduct, bad motive and reckless indifference "...must be such a severe departure from prevailing moral values in terms of evilness of motive or recklessness of the disregard of the victim's rights and interests, such an extravagant, shocking, anti-social and extremely offensive misdoing, as provokes instantly a cry of abhorrence[]"). Due to the fact that punitive damage are penal in nature, they are proper only where defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. *Id.* (citations omitted); *see Advanced Medical, Inc. v. Arden Medical Systems, Inc.*, 955 F.2d 188, 202 (3d Cir. 1992) (holding that to justify an award of punitive damages under Pennsylvania law the plaintiff is required to demonstrate that the defendant engaged in outrageous conduct that was wilful or malicious).

The Pennsylvania Supreme Court "has stressed that, when assessing the propriety of the imposition of punitive damages, '[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.'" *Hutchinson*, 870 A.2d at 770 (citations omitted); *see Advanced Medical, Inc.*, 955 F.2d at 202 (holding that in order to prove entitlement to punitive damages plaintiff must prove malice, vindictiveness and wholly wanton disregard for the rights of others). A punitive damages claim must be supported by evidence sufficient to establish that: 1) the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed; and 2) the defendant acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id.* at 772; *see Feld*, 485 A.2d at 742 (holding the state of mind necessary to justify punitive damages is "[r]eckless indifference to the rights of others and conscious action in deliberate disregard of them...") (citations omitted).

This Court's review of the record shows that Plaintiffs have no admissible evidence that could possibly show Defendants engaged in outrageous conduct that was willful or malicious. Plaintiffs cannot provide evidence sufficient to establish that Defendants subjectively appreciated the risk and acted or failed to act in conscious disregard of that risk.

Plaintiffs' only admissible witnesses are: 1) the Plaintiffs; 2) the Plaintiffs' children; 3) medical doctors; and 4) Michael Ward, CSX Chairman and CEO. Plaintiffs make no attempt to argue that the Plaintiffs, the Plaintiff's children or the medical doctors have any information bearing on the issue of punitive damages. The Court's review of the record confirms that these witnesses have no information pertaining to the state of mind of the Defendants and whether or not Defendants appreciated the risk and then acted in conscious disregard of it. Plaintiffs do argue that they intend to call Michael Ward and expect his testimony will establish the basis for punitive damages. Plaintiffs, however, did not take Michael Ward's deposition and, therefore, have no evidence that Michael Ward has any information relating to the issue of punitive damages. Furthermore, in Plaintiffs' Witness List and Offers of Proof they list Michael Ward as a witness that might be called, as if on cross-examination, to testify to a list of ten things all of which address the issue of liability and none of which address the issue of whether Defendants appreciated the risk or acted with evil motive, reckless indifference to the rights of others or conscious disregard of the rights of others. Although Plaintiffs argue in their Response to Defendants Motion in Limine to Preclude Punitive Damages (Document No. 56) that Michael Ward had actual knowledge of certain things related to liability, Plaintiffs did not indicate that he would be testifying to the fact he knew these things in their Pretrial Narrative or their Witness List and Offers of Proof. Additionally, there is no evidence before the Court that even hints at the idea that Michael Ward knew of any risk to Plaintiffs and acted in conscious disregard of it. Plaintiffs' speculation as to these matters

is not sufficient. Plaintiffs had the opportunity to take Michael Ward's deposition and determine what relevant information he might possess during the discovery period. Plaintiffs chose not to do so. Trial is not the place for a fishing expedition into evidence that Plaintiffs, at best, speculate Michael Ward might possess. Therefore, Plaintiffs have no witnesses who will testify regarding the state of mind of the Defendants and whether or not Defendants appreciated the risk to the Plaintiffs and acted with conscious disregard of that risk.

Furthermore, although Plaintiffs allude to certain unspecified CSX publications and certain unspecified prior speeches of Michael Ward, these items were not listed as exhibits in Plaintiffs' Pretrial Narrative or Witness List and Offers of Proof. Accordingly, Plaintiffs' only potentially admissible exhibits consist of: 1) Amtrak Auto Train Tickets and Information Folder including Credit Card Charge Notification, Dinner Tickets, Boarding passes and promotions of Amtrak; 2) Amtrak Guest receipts; 3) Photographs of the accident scene; 4) Handwritten notes of Robert and Ida Simmers describing the train wreck and subsequent events; 5) AirTran Folder, Ticket Stubs, Boarding Passes and Beverage Coupons; 6) Bill of Lading for Simmers vehicle; 7) National Car Rental Agreement; 8) National Car Rental invoice; 9) Office Chart of Dr. Massoud relating to Ida M. Simmers; 10) Records of Conemaugh Valley Memorial Hospital and UPMC Lee Regional Hospital re: Ida M. Simmers; 11) Office Chart of Dr. Massoud relating to Robert R. Simmers; 12) Medical Bills of Ida M. Simmers; 13) Medical Bills of Robert R. Simmers; and 14) Expert report of Dr. Massoud. None of these exhibits address whether Defendants acted outrageously or provide evidence sufficient to prove that Defendants appreciated the risk and acted with conscious disregard of that risk.

Accordingly, the Court finds that Plaintiffs have no admissible evidence that would be sufficient to establish Defendants engaged in outrageous conduct that was willful or malicious and are, therefore, precluded from mentioning or arguing at trial that they are entitled to punitive damages.

An appropriate order follows.

**AND NOW,** this 19th day of June, 2006, after considering Defendants' Motion in Limine to Preclude Punitive Damages (Document No. 46) and their Brief in Support (Document No. 47) the Court finds that Plaintiffs have no witnesses or exhibits that could establish the propriety of punitive damages, therefore, **IT IS HEREBY ORDERED** that Defendants' Motion in Limine to Preclude Punitive Damages (Document No. 46) is GRANTED.

**IT IS FURTHER ORDERED** that at trial Plaintiffs are precluded from mentioning punitive damages or arguing that they are entitled to punitive damages.

**BY THE COURT:**

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**